KENT, October term, 1847., This was an action of replevin. The defendant's pleaded non cepit; and the defendant, Patterson, also avowed the taking for rent arrear for three quarter's of a year, commencing on the first of March, and ending on the last day of Nov. 1846, amounting to $37 50, and the defendant, Mason, made cognizance as Patterson's bailiff. Issue was joined on the plea of non cepit, and to the recognizance and avowry the plaintiff pleaded non demisit, c.
It was proved that the plaintiff, Jackson, took possession of a house and certain lots in the year 1845, by virtue of a lease under seal from Patterson from March, 1845, to March, 1846, at $50 per year, payable quarterly for the house, and one-half the produce for the lots; *Page 535 
and that the plaintiff occupied during the year 1846, no notice to quit having been given by either party. The distress was for three quarter's of a year's rent of the house.
The defence was, that the occupation for the year 1846, was under a new agreement. A witness was called to prove that the house was held by the plaintiff in 1846, not under the lease, but under a different contract by parol. He was asked if he had heard the defendant, Patterson, during the year 1846, say on what terms the plaintiff occupied the house in that year. This was objected to.
Comegys. — We have proved a demise of these premises under seal for the year 1845, and that no notice to quit was given by either to the other, but that the tenant held over for the year 1846. The act of assembly provides, that in case of such letting, if three months before the end of the term notice be not given, the tenancy shall continue on the same terms as the first year. (Dig. 368.) The effect of the evidence offered is, to contradict a written instrument under seal; which is not admissible.
Bates, jr. — The lease was for 1846. Notice is one mode of putting an end to it, but not the only mode. The terms of the tenancy may be changed by agreement of parties. The effect of the act of assembly is to put it in the power of either party to enforce the provisions of the lease for another year in case notice be not given; but the party may waive these terms and enter into a new agreement. If we were to attempt to show a new agreement as to the year for which the lease was made, it would not be admissible, for this would be to contradict the lease; but the proof of a new agreement for another year does not contradict the lease, though there be no notice to quit. It is a waiver of the terms of the old lease and a most effectual mode of putting an end to it.
Bates, sen., cited 3 Harr. Rep. 364, and said the objection assumed that it was not in the power of both parties to make a new agreement and vary the terms of the lease of 1845, in any other form than by a notice to quit.
The avowry is for three quarters of a year's rent, from the 1st of March to the 30th of Nov. 1846, without specifying under what lease or contract the rent fell due; and the plea is non demisit. Now had the avowry stated that the rent accrued under this lease, the plaintiff could not have controverted its terms by parol under the plea of non demisit, the demise being proved. But the issue here is upon the question of any rent due under any demise, and *Page 536 
it is competent for the parties to show any other agreement than the one which' had existed the year previous. A party, though holding under a written lease, may vary it by a new agreement which may be proved, unless where the issues confine them to the specific lease. Evidence admitted.
 Verdict for plaintiff.